IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **In re:** | | |
|     PAULA E. COLE, | * | Case No.: 18-24128 |
| | * | Chapter 13 |
|           Debtor. | * | |
| * * *    * * *    * | * * * | |
| MUNICIPAL EMPLOYEES CREDIT | | |
| UNION OF BALTIMORE, INC., | * | |
| 1 South Street | | |
| Baltimore, MD 21202 | * | |
|           Movant, | | |
| v. | * | |
| PAULA E. COLE | * | |
| 1432 N. Mount Street | | |
| Baltimore, MD 21217 | * | |
|      Respondent. | * | |
| And | | |
| | * | |
| ROBERT S. THOMAS, II | | |
| 300 E. Joppa Road, Suite 409 | * | |
| Towson, MD 21286 | | |
| | * | |
|      Trustee. | | |

_____

**MOTION SEEKING RELIEF FROM AUTOMATIC STAY**
**STAY TO ALLOW FORECLOSURE OF PROPERTY**
**(1432 N. Mount Street, Baltimore, Maryland 21217)**

Municipal Employees Credit Union of Baltimore, Inc., Loancare Servicing, LLC, it's servicer, ("Movant"), by its undersigned counsel, pursuant to 11 U.S.C. §§ 362(d), files this motion seeking relief from the automatic stay of 11 U.S.C. § 362(a) so that it may foreclose on that real property owned by the debtor in the above-captioned case (the "Motion"). In support of the Motion, Movant states as follows:

**Background**

1.      Paula E. Cole, the debtor in the above-captioned case (the "Debtor"), commenced

1

this proceeding by filing a petition under chapter 13 of the Bankruptcy Code on October 24, 2018 (the "Petition Date").

2. Prior to the Petition Date, on August 14, 2014, Paula E. Cole, ("Debtor"), executed a Note in favor of Movant in the principal amount of $109,250.00 (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit A**, and is incorporated herein by reference.

3. The Debtor's obligations under the Note are secured by a deed of trust, duly recorded among the Land Records of Baltimore City, Maryland (the "Deed of Trust"), encumbering that real property known as 1432 N. Mount Street, Baltimore, Maryland 21217 (the "Property"). A true and correct copy of the Deed of Trust is attached hereto as **Exhibit B**, and is incorporated herein by reference.

4. Pursuant to the terms of the Note, the Debtor is required to remit monthly principal and interest payments to Movant on the first (1st) day of each month. The amount of the monthly payment is $623.12. Payments are considered late if not paid in full by the end of the fifteenth (15) of each month.

5. As of the Petition Date, the balance due and owing to Movant on the Note was $97,712.84. The pre-petition arrearage due under the Note is $4,658.56. In support of the foregoing, Movant filed its proof of claim (Proof of Claim No. 7) on December 31, 2018.

6. The amount due as of January 1, 2019, on the Note is $99,131.94 and is comprised of the following:

| PRINCIPAL | $96,468.56 |
|---|---|
| ESCROW | $1,217.72 |
| FEES AND COSTS | $1,400.00 |

| | |
|---|---:|
| LATE FEE | $45.66 |
| **TOTAL DUE** | **$99,131.94** |

7. The Debtor's Schedule A states that the Property has a fair market value of $59,290.00 [Paper No. 1].

8. The Debtor is in default post-petition under the Note for non-payment. Specifically, the Debtor has not made any post-petition payments due and owing to Movant under the Agreement since the filing of this Bankruptcy. The post-petition arrearage for November 1, 2018 through January 1, 2019 is $1,869.36, for a total arrearage, including late charges and excluding attorney fees and costs for this proceeding, of $1,915.02, which is itemized as follows:

| | |
|---|---:|
| Payment due November 1, 2018 | $623.12 |
| Payment due December 1, 2018 | $623.12 |
| Payment due January 1, 2019 | $623.12 |
| Late Fees ($15.22 x 3 months) | $45.66 |
| **TOTAL DUE** | **$1,915.02** |

## Argument

9. Sufficient cause exists warranting relief from the automatic stay imposed by 11 U.S.C. § 362(a) so as to enable Movant to foreclose on the Property. "While the term 'cause' is not defined in the Bankruptcy Code and the legislative history sheds little light on its meaning, it is well established under decisional law that a debtor's failure to make post-petition mortgage payments in bankruptcy rehabilitation proceedings can constitute cause for relief under § 362(d)(1)." *In re*

*Uvaydov*, 354 B.R. 620, 623-24 (Bankr. E.D.N.Y. 2006) (citing to *Ellis v. Parr (In re Ellis),* 60 B.R. 432, 435 (B.A.P. 9th Cir.1985), *Equitable Life Assurance Soc'y v. James River Assocs. (In re James River Assocs.),* 148 B.R. 790, 797 (E.D.Va.1992) and *In re Davis,* 64 B.R. 358, 359 (Bankr.S.D.N.Y.1986).

10. As required by Local Bankruptcy Rule 9013-2, Movant hereby states that no memorandum will be filed and that it will rely solely upon this Motion.

**WHEREFORE**, Movant respectfully requests this Court to enter an Order:

(A) Lifting the automatic stay imposed by 11 U.S.C. § 362(a) to allow Movant to foreclose on the Property; and

(B) Granting such other and further relief as equity and justice may require.

Date: January 23, 2019         /s/ Scott R. Robinson
Scott R. Robinson, Bar No.10184
HOFMEISTER & BREZA
11019 McCormick Road, Suite 400
Hunt Valley, Maryland 21031
(410) 832-8822, ext. 208
(410) 832-8833 Facsimile
*Counsel for Movant*

## CERTIFICATE OF MAILING

  I HEREBY CERTIFY that on this 23rd day of January 2019, a copy of the foregoing was served on the parties listed below by first-class mail, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

| | |
|---|---|
| Paula E. Cole | Kim D. Parker, Esquire |
| 1432 N. Mount Street | Law Office of Kim D. Parker, P.A. |
| Baltimore, MD 21217 | 2123 Maryland Avenue |
| *(Debtor)* | Baltimore, MD 21218 |
| *Via First Class Mail* | *(Attorney for Debtor)* |
| | *Via CM.ECF* |

Robert S. Thomas, II
300 E. Joppa Road, Suite 409
Towson, MD 21286
 *(Trustee)*
*Via CM/ECF*

             /s/ Scott R. Robinson ___
             Scott R. Robinson, Esquire